# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  **v.**          **Case No. 19-CR-245**

**FRANCIS BURNS,**
     **Defendant.**

## ORDERS AND RECOMMENDATION

### 1. Background

Francis Burns is charged in a six-count superseding indictment. (ECF No. 3.) Counts one through three allege mail and wire fraud. (ECF No. 1 at 1-3.) He allegedly filed false tax returns claiming over $82 million in tax refunds to which he was not entitled. Counts four and five charge him with engaging in an unlawful monetary transaction involving property derived from criminal activity—specifically, the purchase of a home for over $750,000 and the purchase of a Mercedes Limousine for nearly $70,000. (ECF No. 3 at 5.) Count six alleges that Burns falsely claimed "the Francis Burns Estate" was owed a federal tax refund of $132,814. (ECF No. 1 at 4.)

On March 5, 2021, Burns waived his right to counsel and chose to represent himself in this matter. The court appointed Attorney Robert LeBell as standby counsel. (ECF No.

26); *see also Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541 (1975); *United States v. Irorere*, 228 F.3d 816, 828 n.2 (7th Cir. 2000).

The court set March 26, 2021 as the deadline for Burns to file any pretrial motions. (ECF No. 25.) On March 8, 2021, Burns filed two motions captioned as followed: "Motion for Discovery – Conditional Acceptance – Motion to Dismiss" (ECF No. 28) and "Amended Demand for Bill of Particulars Nature and Cause of Accusation" (ECF No. 29).

On March 16, 2021, the government responded. (ECF No. 31.) Burns did not reply, but on April 1, 2021, he filed an additional untimely motion that he captioned as a "Motion to Compel." (ECF No. 34.)  The government responded to that motion on April 6, 2021. (ECF No. 36.)

As the court previously noted (ECF No. 26 at 6-7), Burns's filings bear certain hallmarks of the frivolous legal theories commonly reflected in sovereign citizen ideology. His motions appear to be attempts to advance these discredited theories.

## 2. Motion for Discovery and Motion to Dismiss

Burns's motion for discovery (ECF No. 28) is plainly frivolous and unsupported by any authority. It seeks irrelevant information, the disclosure of which is not required under the Federal Rules of Criminal Procedure. For present purposes it is sufficient to note that Burns failed to comply with Criminal Local Rule 16(b). The court denies the motion on that basis.

Burns seeks dismissal of the charges against him in the event the government does not provide him the information he seeks in his motion to compel. (ECF No. 28 at 2.) Because there is no basis for his motion to compel, there is no basis to dismiss the charges against him. Accordingly, the court recommends that the motion to dismiss be denied.

### 3. Motion for a Bill of Particulars

Burn's motion for a bill of particulars (ECF No. 29) is likewise frivolous.

Federal Rule of Criminal Procedure 7(f) permits the court to order the government to provide a defendant with a bill of particulars. "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against her to enable her to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable her to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite." *United States v. Brown*, 2015 U.S. Dist. LEXIS 6667, 10-12 (E.D. Wis. Jan. 21, 2015) (citing *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984)). "[A] bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003); citing *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)).

While a defendant is entitled to know the offense with which he is charged, the government need not disclose all the details of how it will prove its case. *United States v.*

*Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (citing *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003)); s*ee also Kendall*, 665 F.2d at 135 (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979)) ("It is established that 'a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'"); *United States v. Douglas*, 2005 U.S. Dist. LEXIS 13163 (W.D. Wis. June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a detailed disclosure of the government's witnesses, legal theories or evidentiary detail.").

Burns's motion consists of 33 separately numbered questions, some of which contain subparts, that he asks the government to answer. Setting aside the fact that the questions generally seek irrelevant information and reflect a pursuit of frivolous legal theories, there is no basis by which a defendant can compel the government to answer any such questions. A motion for a bill of particulars should not be confused with a request to admit or an interrogatory; it is not a discovery tool. *See United States v. Vest*, 2006 U.S. Dist. LEXIS 52135, 10 (S.D. Ill. July 28, 2006). Therefore, the motion for a bill of particulars (ECF No. 29) is denied.

### 4. Motion to Compel

In this motion Burns asks the court to require the government "to answer the discovery requests propounded on or about March 8, 2021." (ECF No. 34.) The court having denied these requests on the merits likewise denies Burns's motion to compel.

**IT IS THEREFORE ORDERED** that the defendant's motion to compel (ECF No. 28) is **denied**.

**IT IS FURTHER RECOMMENDED** that the defendant's motion to dismiss (ECF No. 28) be **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion for a bill of particulars (ECF No. 29) is **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion to compel (ECF No. 34) is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2), whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 20th day of April, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge